## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 14 2019, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell T. Green,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 14, 2019

Court of Appeals Case No.
19A-CR-418

Appeal from the Randolph Circuit Court

The Honorable Jay L. Toney, Judge

Trial Court Cause No.
68C01-1804-F5-264

**Najam, Judge.**

# Statement of the Case

Darrell T. Green appeals his sentence following his conviction for dealing in methamphetamine, as a Level 5 felony, pursuant to a guilty plea. Green raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On September 21, 2017, Green sold 0.92 gram of methamphetamine to a confidential informant ("CI") for the Randolph County Sheriff's Department in exchange for $100. Green again sold 0.35 gram of methamphetamine to the CI in exchange for $40 on September 25. And, on October 4, Green sold 1.26 grams of methamphetamine to the CI in exchange for $150. As a result, the State charged Green with one count of dealing in methamphetamine, as a Level 4 felony; two counts of dealing in methamphetamine, as Level 5 felonies; three counts of possession of methamphetamine, as Level 6 felonies; and three counts of maintaining a common nuisance, as Level 6 felonies.

On October 2, 2018, Green pleaded guilty to one count of dealing in methamphetamine, as a Level 5 felony. Pursuant to his guilty plea, the parties agreed that Green's sentence would be three years, but that "[t]he amount of any suspended time, if any, as well as any probationary period, if any shall be left to the discretion of the Court." Appellant's App. Vol. II at 27. In exchange for his plea, the State dismissed the remaining charges. Following a hearing,

the trial court accepted Green's guilty plea.  The court then sentenced Green to three years, all executed in the Department of Correction.  This appeal ensued.

## Discussion and Decision

[4] Green contends that his sentence is inappropriate in light of the nature of the offense and his character.  Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017).  And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[5] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222.  Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of

the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. *See* Ind. Code § 35-50-2-6(b) (2018). Pursuant to the plea agreement, the court sentenced Green to a term of three years. The court identified as an aggravating factor Green's criminal history, and the court found that there were no mitigating factors. Accordingly, the trial court ordered Green to execute all three years in the Department of Correction.

[7] On appeal, Green asserts that his "executed prison sentence for delivering meth to support his own habit is inappropriate for the simple and true reason that vices are not crimes[.]" Appellant's Br. at 4. Specifically, he contends that his sentence is inappropriate in light of the nature of the offense because dealing in methamphetamine is simply "a vice, rather than a crime." Reply Br. at 3. And Green contends that, because dealing in methamphetamine is a vice rather than a crime, his character is "merely vicious" but not criminal. *Id*. (emphasis removed). In essence, Green contends that his sentence is inappropriate

because he did not commit a crime. But our legislature has clearly stated that dealing in methamphetamine is a crime. *See* I.C. § 35-48-4-1.1.

[8] Green has not persuaded us that his sentence is inappropriate. Other than his simple assertion that dealing in methamphetamine is not a crime and that his character is merely vicious, Green does not make any other argument on appeal to explain why his executed sentence is inappropriate in light of the nature of the offense or his character. Green received the bargained-for advisory sentence despite his extensive criminal history, which includes several felony convictions for dealing in marijuana or possession of a controlled substance and a prior probation violation. We cannot say that Green's sentence in inappropriate, and we affirm his sentence.

[9] Affirmed.

Baker, J., and Robb, J., concur.